in and the default and inquest taken by the plaintiff against the defendant." The testimony given at the inquest is attached to, and forms part of, the return, and, for the purpose of determining whether or not the default should be opened, we may examine such testimony, with a view of determining whether the same sets forth a cause of action against the defendant, because, unless the plaintiff from the facts shown is entitled to recover, the judgment should not stand. The plaintiff was the only witness sworn in his own behalf. He testifies that he was standing with his cab on Broadway between Forty-Fifth and Forty-Sixth streets, near the center of the block, on the east side of the street. He wanted to go south, and for that purpose started to cross the street. He was then about three yards from the car track, and saw a car at Forty-Fifth street, coming north at "half speed." It is evident that his horse was headed north, as he says: "I was in the center of the square [Long Acre Square], turning to get out." As he was crossing the north-bound track, he was hit by the car. It would appear, therefore, that after he saw the car he turned his horse towards the west, traversed the distance from where he stood to the track, and had got upon the track when struck by the car. Whether the car struck the horse or the cab is not shown. The accident occurred in the center of the block. There was no evidence that the speed of the car was accelerated, nor of any other circumstance showing negligence on the part of the motorman. The mere happening of an accident in such a case is no evidence of negligence, and, under the circumstances disclosed, if the defendant was in any way negligent, the plaintiff was equally so.

Order reversed, and new trial ordered, with costs to appellant to abide the event. All concur.

---

(50 Misc. Rep. 635)

### D'OLIER v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Term. April 24, 1906.)

CARRIERS—INJURY TO SHIPMENT—DAMAGES.

Where 14 cases of yarns were shipped, of which 5 were broken and the yarns therein damaged, and the shipper made no effort to discover the condition of the yarn in the uninjured cases, but sold the whole 14 cases as damaged goods, and there was no other evidence as to the amount of the damage, the shipper is not entitled to recover the difference between the value of the yarns when shipped and the amount received at the sale.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by James D'Olier against the New York Central & Hudson River Railroad Company. From a judgment in favor of plaintiff, defendant appeals. Reversed, and new trial granted.

Argued before SCOTT, P. J., and TRUAX and BISCHOFF, JJ.

Charles C. Paulding, for appellant.
Ezra P. Prentice, for respondent.

SCOTT, P. J. The plaintiff sues for the damage suffered by certain cases of cotton yarns while in course of transportation by defendant. No question is made as to defendant's liability, the only contest being as to the amount of the loss. The shipment consisted of 14 cases of cotton yarns on cones. Upon arrival at the place of destination, 5 of the cases were broken, and the yarns contained therein damaged. So far as appears from the evidence, the other 9 cases were intact and uninjured, and there is not the slightest evidence that the yarns contained in them were damaged at all. The plaintiff's assignors, owners of the yarns, made not the least effort to ascertain the condition of the yarn in the uninjured cases, but offered the whole shipment for sale as damaged goods, realizing but 10 cents a pound for the lot, whereas the value of the sound yarn before shipment had been 18 cents a pound. For the difference between the two prices the plaintiff has recovered judgment, the only evidence as to the value of the goods after the injury being the price at which the yarn was sold. In awarding damages as if the whole shipment had been damaged, the court followed the speculative and fanciful testimony of plaintiff's witnesses, to the effect that the fact that a few cases out of a shipment had been injured would so affect the reputation of the whole shipment in the eyes of the trade that a fair price could not be obtained even for the uninjured merchandise; a proposition which appears to be quite unreasonable. Furthermore, the evidence of selling value is most unsatisfactory. The plaintiff relies upon Parmenter v. Fitzpatrick, 135 N. Y. 190, 31 N. E. 1032, as an authority for relying upon the selling price as some evidence of value. That case is authority for the proposition that under some circumstances proof of the price obtained at a bona fide sale will tend in the direction of proving or establishing a market price, and therefore be some evidence of value. But it is essential that the sale shall be bona fide, and not in any way forced. In the present case the evidence leaves a strong impression upon the mind that the sale was not bona fide in the sense that plaintiff made no effort to realize a good price. On the contrary, the goods were offered in such a manner as to discredit them, and no effort whatever was made to ascertain the extent of the damage, or how much of the shipment was uninjured. The result is that, while only 5 cases out of the 14 were injured at all, and all of the yarns comprised in the shipment, save a very few yards, were actually used by the purchaser, the defendant has been mulcted in damges to an amount considerably greater than the whole value at the point of shipment of the 5 cases which were damaged. If the plaintiff's assignors suffered the loss for which they sue, it is because they took no pains to reduce their damages, or to obtain a fair price for so much of their shipment as was uninjured.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.